IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ROBERT REAMES,                              Case No. 3:11-cv-1448-PK

                    Plaintiff,                                  ORDER

          v.

AB CAR RENTAL SERVICES, INC.,
AND AVIS BUDGET CAR RENTAL,
L.L.C.,

                    Defendants.

MARSH, Judge

     On February 2, 2012, Magistrate Paul Papak issued a Findings
and Recommendation (#22) recommending that plaintiff's Motion to
Remand (#5) be granted.  Defendant timely filed objections through
his counsel (#24), and plaintiff has filed his response.  (#25.)
The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B)
and Federal Rule of Civil Procedure 72(b).

     When a party objects to any portion of the Magistrate's
Findings and Recommendation, the district court must make a *de novo*
determination of that portion of the Magistrate's report.  See 28
U.S.C. § 636(b)(1)(B); Dawson v. Marshall, 561 F.3d 930, 932 (9th

1 - ORDER

Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc); accord McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). Having conducted a *de novo* review of this case, and for the reasons set forth below, I adopt the Findings and Recommendation in its entirety.

## BACKGROUND

On November 1, 2011, plaintiff filed an action against his former employers, defendants AB Car Rental Services, Inc. and Avis Budget Car Rental, L.L.C. (defendants) in Multnomah County Circuit Court of the State of Oregon. In his complaint, plaintiff alleges that defendants failed to reinstate him to his former position after suffering an on-the-job injury, violating O.R.S. §§ 659A.043 and 659A.046. On the face of the complaint, plaintiff seeks lost wages and benefits in an amount of $11,627, future lost wages and benefits in an amount of $11,267, and non-economic damages in an amount of $25,000. Plaintiff also seeks attorney fees and costs in an unspecified amount, pursuant to O.R.S. §§ 659A.885 and 20.107.

On December 1, 2011, defendants removed the action to this court pursuant to 28 U.S.C. § 1332(a), based on diversity jurisdiction, and that the amount in controversy exceeds $75,000. On December 7, 2011, plaintiff filed a motion to remand, contending that his allegations fall below the $75,000 jurisdictional threshold. Defendants submit that the jurisdictional shortfall of

2 - ORDER

$27,106 is more than adequately covered by plaintiff's assertion of attorney fees.

## DISCUSSION

Pursuant to 28 U.S.C. § 1332(a), this court may exercise jurisdiction over any civil action where there is complete diversity of the parties, and where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." There is no dispute that complete diversity exists between the parties of this case. Additionally, the parties do not dispute that attorney fees may be considered when determining the amount in controversy. Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005), cert. denied, 549 U.S. 822 (2006)(where plaintiff is entitled to attorney fees by statute or contract, fees may be considered when determining diversity jurisdiction); Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998)(same). The central dispute in this case is whether this court should consider reasonable estimates of future attorney fees for purposes of calculating the amount in controversy for purposes of meeting the $75,000 jurisdictional threshold for removal under § 1332(a).

In the Findings and Recommendation, Judge Papak discusses the two divergent positions that have emerged among the district courts in this Circuit concerning calculation of attorney fees for purposes of establishing the amount in controversy: (1) the court may consider only attorney fees that are incurred *as of the date of*

*removal*; and (2) the court may consider a reasonable estimate or projection of attorney fees likely to be expended through conclusion of the case. See Giordano v. Park Ave. Life Ins. Co., 2009 WL 1474945 (C.D. Cal. Apr. 7, 2009)(discussing the split of authority); Dukes v. Twin City Fire Ins. Co., 2010 WL 94109 (D. Ariz. Jan. 6, 2010)(same).   After thoroughly examining the conflicting case law, Judge Papak urges this court to adopt the former position and consider only those fees incurred *at the time of removal*.

Defendants object, contending that this court already has embraced the latter position and that when the proper legal standard is applied, they have satisfied the jurisdictional threshold.   I disagree.

Defendants argue that I should follow the reasoning in two other Oregon District Court cases, Beaver v. NPC Intern, Inc., 451 F.Supp.2d 1196, 1198 (D. Or. 2006), and McDuffy v. Interstate Distributor Co., Case No. 3:04-cv-1335-KI (D. Or. Jan. 4, 2005). In Beaver, Judge Garr King determined that the court may look to other decisions and awards in similar cases as evidence of the amount in controversy.   In that case, the parties submitted evidence from other cases, including McDuffy, in which the parties were represented by the same plaintiff's counsel to establish that the amount of fees would exceed the jurisdictional threshold. After examining the other cases, Judge King concluded that "the

4 - ORDER

claim for attorney fees, the potential claim for punitive damages, and the claim for front pay, taken together with the $37,000 in back pay and non-economic damages specifically sought in the complaint, more likely than not total an amount in controversy greater than the $75,000." Beaver, 451 F.Supp.2d at 1200.

In McDuffy, Judge King remanded the case because the defendant failed to present evidence sufficient to meet the jurisdictional threshold. Beaver, 451 F.Supp.2d at 1199. However, as discussed in Beaver, McDuffy went to trial in state court and the plaintiff was awarded $104,283 in attorney fees for 463.4 hours of attorney time. Id.

I find Beaver and McDuffy distinguishable for a variety of reasons. First, I find the Beaver decision readily factually distinguishable. In Beaver, the complaint indicated that Beaver had filed an action with the Bureau of Labor and Industries and alleged he was entitled to fees incurred at the administrative level, in addition to those incurred at trial. Beaver, 451 F.Supp.2d at 1199. Due to the administrative proceedings, it was more likely that at the time of removal Beaver had incurred more than a minimal amount of attorney fees. In this case, however, plaintiff's complaint is devoid of any allegations concerning administrative remedies.

Additionally, in Beaver, the complaint included unspecified amounts for front pay and punitive damages, which may have met the

5 - ORDER

jurisdictional threshold.  Unlike Beaver, plaintiff here asserts a sum certain of $11,267 in front pay, and has not alleged punitive damages.

More importantly, neither Beaver nor McDuffy addressed the split of authority concerning calculation of attorney fees when determining the amount in controversy necessary to establish jurisdiction.  Judge Papak has conducted a comprehensive analysis and has fashioned a rule which lends much needed clarity.

As Judge Papak correctly observed, federal jurisdiction depends upon the circumstances that exist at the time of removal. See Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 691-92 (9th Cir. 2006)(discussing desire to avoid premature removal).  I concur with Judge Papak's reasoning that including anticipated, but unaccrued attorney fees in calculating the amount in controversy is necessarily speculative.  Therefore, I agree with Judge Papak that because defendants submitted no evidence as to the amount of plaintiff's attorney fees incurred as of the time of removal, defendants have not met their burden.  Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997); see also Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005)(removal statutes construed narrowly in favor of remand).

I also adopt Judge Papak's alternative holding that even if attorneys fees incurred after the date of removal are properly included in the amount in controversy, defendants have failed to

satisfy their evidentiary burden.  I find no error in the reasoning set forth in Findings and Recommendation, and defendants arguments to the contrary are rejected.

Defendants argue that Judge Papak erred when he failed to consider plaintiff's refusal to stipulate a recovery maximum of $75,000.  Defendants argument has been rejected repeatedly.  <u>See Ramos v. Bimbo Bakeries USA, Inc.</u>, 2010 WL 5487535, *4 (D. Or. Dec. 3, 2010), <u>adopted</u>, 2011 WL 11250 (D. Or. Jan. 3, 2011)(rejecting refusal to stipulate to recovery cap of $75,000 as evidence of amount in controversy); <u>Burk v. Medical Savings Ins. Co.</u>, 348 F.Supp.2d 1063, 1070 (D. Ariz. 2004)(same), <u>abrogated on other grounds by Dukes v. Twin City Fire Ins. Co.</u>, 2010 WL 94109 (D. Ariz. Jan. 6, 2010).  Furthermore, defendants bear the burden of establishing that the amount in controversy exceeds $75,000, plaintiff's refusal to stipulate is not affirmative evidence of his likely attorney fees.  <u>Ramos</u>, 2010 WL 5487535 at *4.

Defendants assert that they should be permitted to have a limited period of discovery in order to seek facts that would establish jurisdiction.  Defendants have not shown that dismissal of this action would result in any actual or substantial prejudice, nor is it clear that such discovery would demonstrate facts necessary to establish jurisdiction.  <u>Abrego</u>, 443 F.3d at 691.  Accordingly, defendants' objection is rejected.

Defendant's remaining objections have been considered and are

7 - ORDER

rejected.    The  Findings  and  Recommendation  is  well-reasoned,
without error, and is adopted in its entirety.

### CONCLUSION

The  Magistrate  Judge's  Findings  and  Recommendation  (#22)  in
this action is ADOPTED.  Accordingly, the Court GRANTS Plaintiff's
Motion to Remand (#5) and REMANDS this matter to Multnomah County
Circuit Court.

IT IS SO ORDERED.

DATED this  _8_  day of MARCH, 2012.

_Malcolm F. Marsh_
Malcolm F. Marsh
United States District Judge

8 - ORDER